**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

BRETT JAMES CATOE, )
#296942, )
 ) CIVIL ACTION NO. 9:12-164-MBS-BM
 Petitioner, )
 )
v. ) **REPORT AND RECOMMENDATION**
 )
WARDEN OF RIDGELAND )
CORRECTIONAL INSTITUTION, )
 )
 Respondent. )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on January 13, 2012.[1]

The Respondent filed a return and motion for summary judgment on April 12, 2012. As the Petitioner is proceeding pro se, a Roseboro order was filed on April 13, 2012, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on June 7, 2012.

This matter is now before the Court for disposition.[2]

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



## Procedural History

Petitioner was indicted in Lancaster County in April 2002 for grand larceny [Indictment No. 02-GS-29-454], and burglary first degree [Indictment No. 02-GS-29-490]. (R.pp. 112-115). He was subsequently indicted in January/February 2003 for another charge of burglary, first degree [Indictment No. 03-GS-29-141], attempted armed or allegedly armed robbery [Indictment No. 03-GS-29-142], and two counts of assault and battery with intent to kill [Indictment No. 03-GS-29-143 and -144]. (R.pp. 103-111).[3] Petitioner was represented by Ross A. Burton, Esquire, and on October 8, 2003 entered a no-contest plea to all charges in exchange for a negotiated sentence of seventeen (17) years. (R.pp. 1-24). Petitioner was sentenced to five(5) years imprisonment on the grand larceny charge, and seventeen (17) years imprisonment, all concurrent, on each of the remaining charges.[4] (R.p. 22).

Petitioner filed a timely appeal and was represented by Aileen P. Clare, Assistant Appellate Defender. See Court Docket No. 21-2[5]. Counsel filed an Anders[6] brief requesting to be relieved as counsel and raising the following issue:

---

[3]Some page numbers appear to be missing from the Record.

[4]The judge also apparently revoked probation on another grand larceny conviction, and ran the five (5) year sentence concurrent with the instant sentence. (R.pp. 23).

[5]Certain state court documents are not numbered in sequential order. The undersigned has referred to the Court Docket Numbers for these documents to aid in the locating of these documents in the record.

[6]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



> Were appellant's guilty pleas unintelligently and involuntarily entered, when he disputed the state's factual allegations?

See Court Docket No. 21-2, p. 4.

On December 22, 2004, the South Carolina Court of Appeals granted counsel's request to be relieved and denied the petition in its entirety. See Court Docket No. 21-4. Petitioner did not seek rehearing or certiorari review from the Supreme Court of South Carolina. The South Carolina Court of Appeals issued the remittitur on January 24, 2005. See Court Docket No. 21-5.

On August 1, 2005, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Catoe v. State of South Carolina, No. 2005-CP-29-662. (R.pp. 25-32). Petitioner raised the following issues in his APCR:

(a) Ineffective Assistance of counsel;
(b) Incompetent plea;
(c) Unfairly sentence.

(R.p. 27)

Petitioner also filed an amendment to the application on June 16, 2002 (R.pp. 33-53), in which he raised the following claims:

(a) Ineffective assistance of counsel;
(b) Violation of Due Process . . . Brady violation;
(c) Prosecution misconduct;
(d) Involuntary, unknowing plea.

(R.p. 33)

Petitioner was represented in his APCR by Charles T. Brooks, III, Esquire, and an evidentiary hearing was held on Petitioner's application on February 27, 2007. (R.pp. 60-92). On April 20, 2007, the PCR judge issued an order denying relief in its entirety; however, the PCR judge issued a replacement order on April 5, 2008 (filed April 11, 2008) noting that the original order "was

3



apparently lost." (R.pp. 93-101).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Robert M. Pachak of the South Carolina Office of Appellate Defense, who filed a Johnson[7] petition seeking to be relieved and raising the following issue:

Petitioner's guilty plea was not knowingly and voluntarily entered.

See Court Docket No. 21-7, p. 4.

By letter dated September 23, 2008, the Clerk of the Supreme Court of South Carolina advised Petitioner of his right to file a pro se response to the petition and "raise and argue any issues [Petitioner] believe[d] the Court should consider in the appeal." See Court Docket No. 21-8. On or about October 23, 2003, Petitioner filed a pro se response which raised the following issue:

Whether Petitioner's counsel was ineffective?

See Court Docket No. 21-10.

On February 3, 2010, the South Carolina Court of Appeals denied Petitioner's writ of certiorari, and granted counsel's request to be relieved as counsel for the Petitioner. See Court Docket No. 21-11. The Remittitur was sent down on February 19, 2010. See Court Docket No. 21-12.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

**Ground One:** Ineffective Assistance of Counsel.

**Ground Two:** Incompetent Plea.

**Ground Three:** Ineffective PCR Counsel.

---

[7]Johnson v. State, 364 S.E.2d 201 (S.C. 1998).



**Ground Four:** Ineffective Assistance of Trial Counsel.

**Ground Five:** Ineffective Assistance of PCR Counsel.

See Petition, pp. 6-11, with attachment.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[8] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

---

[8] Antiterrorism and Effective Death Penalty Act of 1996.

5

applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A).

Petitioner's convictions became final on January 6, 2005, fifteen (15) days after the dismissal of his direct appeal on December 22, 2004. See Gonzales v. Thaler, 132 S.Ct. 641, 656 (2012)["... with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . ."].[9] By the time Petitioner filed his APCR on August 1, 2005, two hundred and six (206) days of non-tolled time had passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on

---

[9]Since Petitioner did not seek review of the decision of the Court of Appeals from the South Carolina Supreme Court, he is not entitled to a tolling of the ninety (90) days to seek certiorari review from the United States Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir. 2001); Reddock v. Ozmit, No. 09-204, 2010 WL 568870 at **3-5 (D.S.C. Feb. 11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10-987, 2010 WL 5691646 (D.S.C. Sept. 7, 2010), adopted by, 2011 WL 380651 (D.S.C. Feb. 3, 2011); Martino v. Cartledge, No. 09-527, 2010 WL 56093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07-1081, 2008 WL 2922860 (D.S.C. July 24, 2008). See also Wise v. South Carolina Dep't of Corrections, 642 S.E.2d 551 (S.C. 2007).



February 19, 2010.[10]  See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002).  By the time Petitioner then filed his federal habeas petition on January 13, 2012, almost two more years had passed, placing Petitioner's federal habeas filing well outside § 2244(d)1(A)'s one year limitations period.  Therefore, Petitioner failed to timely file this federal petition, and he is barred from seeking federal relief.  Harris, 209 F.3d at 327-328.

Finally, Petitioner asserts that he is entitled to some type of equitable tolling based on an argument made in his response brief that he mistakenly file his federal habeas action in state court.  The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases.  Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330).  Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling.  Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th

---

[10]The State disputes that the limitations period remained tolled until the date that the Remittitur was issued in Petitioner's state PCR action.  However, even giving Petitioner the benefit of that time period in this case, his petition is still untimely.  Therefore, the undersigned has used the date that the Remittitur was issued out of an abundance of caution.  See Gonzalez, 132 S.Ct. at 654 n. 10 [distinguishing between §2244(d)(2) and (d)(1) provisions]; see also SCACR 221(b); Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].



Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace, 544 U.S. at 418.

Here, Petitioner is not entitled to equitable relief based on his allegedly having filed a petition in the wrong court. Cf. Harris, 209 F.3d at 330-331 (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)([refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation]). In any event, Petitioner has not otherwise shown that any extraordinary circumstances prevented him from timely filing his petition. The undersigned is constrained to note that when Petitioner purportedly filed a petition in the wrong court on or about January 13, 2011, his time to file his federal habeas petition had already expired.[11] See Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Petitioner then added

---

[11]Three hundred and twenty eight days (328) days had passed after the Remittitur was issued in Petitioner's PCR case prior to Petitioner's claimed attempt to file a petition in the wrong court. When those days are added to the two hundred and six (206) days of non-tolled time that had already expired prior to Petitioner filing his APCR, a total of five hundred and thirty-four (534) days had expired before Petitioner attempted to file even that habeas petition, again well outside the statute of limitations.

8



to the delay by admittedly waiting "nearly a whole year before [he] got concerned of no response and wrote the Clerk about [his] application." See Response to Summary Judgment, p. 1.

Therefore, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]. Accordingly, Petitioner is not entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 27, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

